# IN THE COURT OF APPEALS OF IOWA

No. 22-1418
Filed February 8, 2023

**IN THE INTEREST OF J.Q. and D.Q.,**
**Minor Children,**

**D.Q., Mother**
  Appellant.
_____

Appeal from the Iowa District Court for Fayette County, Linnea Nicol, District Associate Judge.

A mother appeals the termination of her parental right to two children. **AFFIRMED.**

Beth A. Becker of Tremaine & Becker Law Office, Sumner, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Natalie J. Hedberg, and Ellen Ramsey-Kacena (until withdrawal), Assistant Attorneys General, for appellee State.

Kimberly S. Lange of the Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental right to two children, born in 2018 and 2020. She contends (I) the State failed to prove the ground for termination cited by the district court; (II) the department of health and human services failed to make reasonable reunification efforts; (III) termination was not in the children's best interests; (IV) the district court should have granted an exception to termination based on the parent-child bond; and (V) the district court should have afforded her additional time to reunify with the children.

## I.     Grounds for Termination

The department intervened after a child not involved in this appeal was hospitalized with severe, non-accidental injuries while in the care of his father and while the mother was at work. That child and the child born in 2018 were placed with a relative and were later adjudicated in need of assistance.

The mother had a third child in 2020. Following the child's birth, the department returned the older two children to the mother's home for a trial home placement. The placement was short-lived. All three children were removed from her custody. The youngest child was also adjudicated in need of assistance.

The mother consented to termination of her parental rights to the child who was injured. The district court terminated the mother's parental rights to the other two children pursuant to Iowa Code section 232.116(1)(h) (2022). The provision requires proof of several elements including proof the child cannot be returned to parental custody.

The mother testified the two children could be safely returned to her custody at the time of the termination hearing. The department caseworker disagreed. She

opined the children could not go home because the mother could not "keep them safe without prompting."

The record supports the caseworker's opinion. The mother had trouble attending to the children's needs during supervised interactions. Contrary to the mother's assertion, the incidents cited by the department were not "trivial" and were not simply "parenting preferences." Among other things, they involved lack of oversight on the playground, inattention to choking hazards, and unhygienic conditions in the home. On our de novo review, we conclude the State proved the children could not be returned to the mother's custody.

## II.    Reunification Efforts

The department is obligated to make reasonable reunification efforts. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The mother "acknowledges many services were offered to her" but faults the department for failing to provide "intellectual disability waiver services" and include her in "play therapy" sessions with the children.

The district court concluded the department failed to make reasonable reunification efforts during a three-month period in 2021. The court expressed particular concern with the limited visits afforded the mother. In light of the department's noncompliance, the court extended the "permanency timeline for three months."

The department's reunification efforts improved. The agency facilitated twice-weekly visits and afforded a number of other services. The department reported that it invoked "many exceptions" to help the mother "be successful," including eight "rounds of family preservation services as well as two rounds of a

"Safe Care" program. According to the department, "[t]his amount of [family preservation] services and Safe Care" was "above and beyond what is typically offered and/or needed for a family."

The department tailored its programming to the mother's intellectual disability. The agency reported that providers "adjusted the way they [] present[ed] the information to [the mother] into what work[ed] best for her" and "accommodated, assisted, and educated [the mother] on being a safe and appropriate parent for her children." Even with these customized services, the mother "require[d] many prompts during her supervised interactions . . . to keep the children safe." The department opined she did not show an ability "to understand what a hazard is and how to safely eliminate that hazard."

The department acknowledged it did not provide the intellectual disability waiver services the mother sought. It reported that she was on a "waiting list" but was unable "to move up on the waiver list" because she did "not meet any of the criteria," and "[a]n exception to policy was applied for and denied." The department asserts the tailored services it provided were a reasonable substitute for the waiver services.

While the record does not contain detailed documentation of what was encompassed within "intellectual disability waiver services," there is no question the department ultimately provided individualized services to facilitate reunification. The mother conceded as much. At the termination hearing, she agreed there were no additional services she required, be it "waiver services" or participation in play therapy sessions with the children. On our de novo review, we conclude the department satisfied its reasonable-efforts mandate.

### III. Best Interests

Termination of parental rights must be in the children's best interests. Iowa Code § 232.116(2) ("[T]he court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."). Given the ongoing safety concerns documented in the record, we agree with the district court that termination was in the children's best interests.

### IV. Exceptions to Termination

The district court may grant an exception to termination if there is "clear and convincing evidence that the termination would be detrimental to the child" due to "the closeness of the parent-child relationship." *Id.* § 232.116(3)(c). The mother testified to her love of the children and their love of her. The department caseworker expressed no doubt about their mutual love. She also acknowledged the mother attended all the visits scheduled by service providers and took advantage of visits offered by the foster parents. At the same time, she questioned the level of bonding, citing reports that the children sought comfort from the providers rather than the mother. On our de novo review, we agree with the district court that the "moderate" parent-child bond did not override concerns with the mother's ability "to meet their daily needs."

### V. Additional Time

The district court may grant a parent additional time to facilitate reunification. *See id.* § 232.104(2)(b). As noted, the district court delayed permanency by three months. There is scant indication that the mother's ability to discern and address safety issues improved during that period. The caseworker

opined more time would not alleviate safety concerns. The service provider who supervised visits agreed. She stated, "The visits have been a struggle as far as safety and supervision with the children." She continued, "My concern is that we've been teaching [the mother] these things for two years" and "[a]fter two years of trying to instill these skills in her, if she hasn't now, I don't know that she's going to." We conclude there was a lack of evidence that "the need for removal of the child from the child's home [would] no longer exist at the end of the additional six-month period."

We affirm the termination of the mother's parental rights to the two children.

**AFFIRMED.**